**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Seynabou Ndiaye,

        Plaintiff,

    v.

CVS Pharmacy 6081, *et al.*,

        Defendants.

CASE NO.  1:06cv870

Judge Michael R. Barrett

<u>**ORDER**</u>

This matter is before the court upon the Magistrate's Report and Recommendation (Doc. 12) that the Defendant's motion to dismiss be granted (Doc. 4). Plaintiff, *pro se*, objects to the Report and Recommendation (Doc. 13).  Defendants filed a response to Plaintiff's objections (Doc. 14).

For the reasons set forth below, the Report and Recommendation of the Magistrate Judge to GRANT the motion to dismiss is hereby ADOPTED.

I.      Background[1]

It appears from the face of the complaint that Plaintiff was employed by CVS as a non-immigrant worker on a H1-B employment visa.[2]  Plaintiff alleges that she was

_____

[1]The facts herein are derived from the complaint as well as from the Defendants' motion to dismiss which are supported by the Administrative Record filed in this matter.

[2]Under section 101(a)(15)(H) of the INA, an alien may be authorized to come to the United States temporarily to perform services for an employer, if petitioned for by that employer. Under this "nonimmigrant" category, the alien may be classified as follows: under section 101(a)(15)(H)(i)(a) of the Act as a registered nurse; under section 101(a)(15)(H)(i)(b) of the Act as an alien who is coming to perform services, inter alia, in a specialty occupation; under section 101(a)(15)(H)(ii)(a) of the Act as an alien who is coming to perform agricultural labor or services of a temporary or seasonal nature; under section 101(a)(15)(H)(ii)(b) of the Act as an alien coming to perform other temporary services or labor; or under section 101(a)(15)(H)(iii) of the Act as an alien

terminated from her employment by CVS on August 2, 2002 and that CVS then failed to notify Plaintiff and the Department of Homeland Security of her termination in violation of an unspecified federal law (Doc. 3, p5). On March 30, 2004 Plaintiff filed a WH-4 form with the Department of Labor ("DOL") alleging that CVS retaliated against her because she raised complaints with respect to her H-1B visa status (Doc. 4-2, p1).[3] On April 1, 2004 Plaintiff filed a complaint with the DOL (Id.).

The DOL determined that Plaintiff had failed to file her complaint within the one year limitations period as set forth in the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 et seq (Id. at p2). Plaintiff appealed to a DOL Administrative Law Judge ("ALJ") who eventually granted summary judgment in Defendants' favor due to the untimely filing of the complaint (Id). Plaintiff appealed this decision to the DOL Administrative Review Board ("ARB") which issued a Final Decision and Order sustaining the ALJ's order on November 26, 2006 (Id.). Plaintiff then filed a "motion for review" with the ARB requesting reconsideration (Id.).

Plaintiff filed the complaint in this matter on December 19, 2006, prior to the ARB's ruling on her "motion for review" (Doc. 3, p5). Plaintiff, in her complaint, alleges that the Administrative Review Board of the U.S. Department of Labor failed to apply the equitable tolling statute to the filing of her DOL complaint and that the Administrative

---

who is coming as a trainee or as a participant in a special education exchange visitor program. These classifications are called H-1A, H-1B, H-2A, H-2B, and H-3, respectively. See 8 C.F.R. § 214.2(h)(1)(i).

[3]Plaintiff's complaint does not set forth the date on which she filed her complaint with the DOL; however, she concedes in the objections to the Report and Recommendation that she did not file her complaint within the applicable statutory time frame. See Doc. 13, p3.

Law Judge failed to gather all the material facts when he granted summary judgment to Defendant in the administrative proceeding (Id.).

The ARB issued its ruling on Plaintiff's "motion for review" on May 9, 2007 granting reconsideration but denying relief (See Administrative Record filed in this manner on May 24, 2007).[4]

II.      Arguments

Defendants argue that they are entitled to a dismissal of Plaintiff's complaint for failure to state a claim and/or for lack of jurisdiction pursuant to F.R.C.P. 12(b)(6) and 12(b)(1).  Specifically, Defendants argue that they are not a proper party to this action and that no final agency action has been taken with respect to Plaintiff's DOL complaint (See Doc. 4-2).

In response, Plaintiff argues that Defendants have failed to prove that she or Homeland Security received a notification of her termination, that the ARB did not respond to her "motion for review" within the 30 day period in which she had to appeal the ARB decision to the district court, and that she should be allowed to add the Administrative Review Board of the Department of Labor as a defendant in this case (Doc. 5).

_____

[4]Although neither party attached the administrative record to the complaint or the motion to dismiss.  The Court finds that such documents may be considered as Plaintiff referenced the record in her complaint and Plaintiff subsequently requested that the DOL forward the Administrative record to the Court.  *See Weiner v. Klais and Co., Inc.* 108 F.3d 86, 89 (6th Cir.,1997).  The Court only considered the parts of the administrative record that set forth the dates required to understand Plaintiff's complaint.

III.    Report and Recommendation

The Magistrate Judge agreed with Defendants recommending that this matter be dismissed finding that the United States, the DOL, and/or the Secretary of Labor are the proper parties to this case.  The Magistrate Judge ruled that the INA does not provide for a private right of action in federal district court to individuals who claim to have been retaliated against for suspected violations of an H1-B vias citing *Shah v. Wilco Systems, Inc.,* 126 F. Supp.2d 641, 647-649 (S.D.N.Y. 2000).

The Magistrate Judge correctly pointed out that the INA sets forth a comprehensive administrative enforcement scheme whereby the DOL investigates and, where appropriate, remedies such claims (Doc. 12, p5).  In addition, 8 U.S.C. §1182(n) directs the Secretary of Labor and the Attorney General to "establish processes for the receipt, consideration, and disposition of discrimination complaints" pertaining to H1-B visas.  *Shah*, 126 F. Supp.2d at 647.  See also 20 C.F.R. §§655.800-655.855.

IV.    Analysis

A.    Standard of Review

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...."  Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same

4

effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff objects to the standard of review as set forth in the Report, the finding that her DOL complaint was untimely and that she should be entitled to equitable tolling.

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D.Ohio 2002). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, Defendants motion attacks the sufficiency of the pleadings, and is therefore a facial attack.

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint

5

must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1964-65 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65 (citations omitted).

 B. 8 U.S.C. §1182(n)

 Plaintiff does not specify which federal law she asserts the Defendants violated; however, it appears to the Court that Plaintiff is referencing 8 U.S.C. §1101 *et seq.*, and more specifically, §1182(n). As set forth above, Plaintiff worked for CVS on a H1-B immigration visa. Plaintiff was terminated and now argues that CVS failed to properly notify her and the Department of Homeland Security of her termination. She filed a complaint with the DOL and now takes issue with its findings. Defendants argue that

6

Plaintiff has failed to state a claim for which relief can be granted and that this Court does not have jurisdiction.

A District Court in New York, in *Shah v. Wilco Sys.*, 126 F. Supp. 2d 641, 648 (S.D.N.Y. 2000), found that it was "Congress' intent to limit the enforcement for alleged violation of Sections 1182(n) ... to the administrative agencies in charge of the processes, and only implicate judicial review once the administrative procedure has been exhausted. Nothing in ... the statutory provision indicates that Congress intended to provide a private right of action in federal court to enforce violations of Sections 1182(n) ... in the first instance." *Id.* The *Shah* Court went on to state:

> Section 1182(n) does not provide for a private right of action in federal court in the first instance for complaints concerning an employer's violation of the Section. However, Section 1182(n) contemplates judicial review at the conclusion of the administrative proceedings. For complaints filed under Section 1182(n)(2), an aggrieved party is required to file a complaint with the Wage and Hour Division of the Department of Labor, which reviews and investigates the complaint and then issues a determination. See 8 U.S.C. § 1182(n)(2); 20 C.F.R. §§ 655.805, 655.815. If it is dissatisfied with this determination, the aggrieved party may request a hearing before an administrative law judge ("ALJ"), who is required to issue a decision. 20 C.F.R. §§ 655.815, 655.820, 655.840. Thereafter, any party may petition for review by the Secretary of Labor. 20 C.F.R. §§ 655.840, 655.845. Finally, the Secretary of Labor's decision may be appealed by any party to the appropriate United States District Court. 20 C.F.R. § 655.850.

*Shah v. Wilco Sys.*, 126 F. Supp. 2d 641, 647-648 (S.D.N.Y. 2000).[5]

───────────────

[5]20 CFR 655.850 states, "The official record of every completed administrative hearing procedure provided by subparts H and I of this part shall be maintained and filed under the custody and control of the Chief Administrative Law Judge. Upon receipt of a complaint seeking review of the final agency action in a United States District Court, the Chief Administrative Law Judge shall certify the official record and shall transmit such record to the clerk of the court."

7

*See also* 20 C.F.R. § 655.845(a).[6]

Based upon the holding quoted above in *Shah*, this Court disagrees with Defendants' argument that a party may only seek review of a DOL final decision in a Federal District Court under the Administrative Procedure Act, 5 U.S.C. §703, and that such action may only be brought against the United States, the government agency that took the action for which review is sought, or the appropriate officer of such agency. The Defendants rely on *Secretary of Labor v. Farino*, 490 F.2d 885 (7th Cir. 1973) to support their argument.  In *Farino*, the Seventh Circuit found that 8 U.S.C. § 1182(a)(14) failed to provide for judicial review of the Secretary of Labor's decision and found that judicial review was proper under the Administrative Procedure Act, 5 U.S.C.S § 701(a). *Farino*, however, is distinguishable from this case since this action is brought under §1182(n) which, when read with 20 C.F.R. § 655.850, clearly shows Congress' intent to provide for judicial review under that chapter.  Therefore, Defendants are the proper party to this action.

Furthermore, the Court finds that Plaintiff did exhaust her administrative remedies and, thus, the Court does have jurisdiction.  Although there was a "motion to review" pending before the ARB when this matter was filed, that motion has since been ruled upon in Defendants' favor and thus, Defendants' argument that a final agency determination had not been made is moot.  Additionally, Plaintiff is *pro se* and argues in her complaint that she timely filed this complaint within thirty days from her receipt of the

---

[6]20 C.F.R. § 655.845(a) states, in part, "The Administrator or any interested party desiring review of the decision and order of an administrative law judge, including judicial review, shall petition the Department's Administrative Review Board (Board) to review the decision and order."

8

Final Decision and Order.  A liberal standard is to be applied to *pro se* complaints. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As this Court has recognized: "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements."  *Ashiegbu v. Purviance*, 74 F.Supp.2d 740, 746 (S.D. Ohio 1998), *citing*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Here, the Court finds that a final agency determination had been made.

C.    Time Limitation

Despite the holdings above, the Court finds that Defendants' motion to dismiss is still proper as Plaintiff failed to file her complaint with the DOL within the twelve month period provided for in the statute.  Plaintiff was terminated on August 2, 2002 and did not file her complaint with the DOL until March 30, 2004.  8 U.S.C. §1182(n)(2)(A) specifically states, in relevant part, that "No investigation or hearing shall be conducted on a complaint concerning such a failure or misrepresentation unless the complaint was filed not later than 12 months after the date of the failure or misrepresentation, respectively."  See also 20 C.F.R. §655.806(a)(5).  Although Plaintiff argues that she is entitled to equitable tolling, there are no facts in her complaint to support such relief.

V.    Conclusion

Thus, for the reasons set forth above the Report and Recommendation of the Magistrate Judge is hereby ADOPTED.  Defendant's motion to dismiss is hereby GRANTED.  Plaintiff's motion entitled "Questions about motion on the government as a

9

Defendant of February 2007" (Doc. 15) is hereby denied as MOOT. The Clerk of Court

is directed to CLOSE this case and remove it from the docket of this Court.

      **IT IS SO ORDERED**.

                                       s/Michael R. Barrett_____
                                       Michael R. Barrett, Judge
                                       United States District Court